IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

       Plaintiff,

v.                                                                                            No. 2:22-cv-00790-JB-KRS

DEMAR-LASHUN BEY,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Defendant's Notice of Removal, Doc. 1, filed October 24, 2022, and Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed October 24, 2022.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's income during the past 12 months is $0.00; (ii) Plaintiff's monthly expenses total $0.00; and (iii) Plaintiff has $0.00 in cash and wrote "not applicable" regarding any money he has in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and he has no monthly income.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

Defendant received a traffic ticket and seeks to remove his case from Bayard Magistrate Court, Grant County, State of New Mexico. *See* Notice of Removal at 1, 3. Defendant filed his Notice of Removal "pursuant to Title 28 § 1441 - § 1446." Notice of Removal at 1. Sections 1441-1446 do not establish jurisdiction. Section 1441 provides for the removal of civil actions from state court; Defendant's traffic case is not a civil action. Sections 1442 and 1442a relate to

2

federal officers, federal agencies and members of the armed forces that have been sued or prosecuted in a state court; Plaintiff does not allege that he is a federal officer or a member of the armed forces.  Section 1443 allows for the removal of criminal actions in state court by defendants who claim rights under a law providing for specific civil rights in terms of racial equality; Defendant has not alleged that he has been denied a right under any law providing for the equal civil rights of citizens of the United States.  Section 1444 provides for removal by the United States of foreclosure actions brought against the United States.  Section 1445 identifies four types of civil actions that are nonremovable.  Section 1446 describes the procedure for removal of civil actions.

Defendant has not shown that the Court has subject-matter jurisdiction over this matter. Defendant states that the Court "has jurisdiction due to the diversity of citizenship between the parties as stated in 28 USC 1332."  Notice of Removal at 1.  Section 1332 provides jurisdiction for civil actions; Defendant's state-court case is not a civil action.  *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all *civil actions* ....") (emphasis added).  Defendant does not assert the Court has federal question over this matter jurisdiction pursuant to 28 U.S.C. § 1331 but does allege that officers of the Bayard Magistrate Court violated the United States Constitution. Those allegations do not establish federal question jurisdiction because Section 1331 provides jurisdiction for civil actions and Defendant's state-court case is not a civil action.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States") (emphasis added); *see also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction").

The Court orders Defendant to show cause why the Court should not remand this action to Bayard Magistrate Court, Grant County, State of New Mexico, for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed October 24, 2022, is **GRANTED.**

(ii) Defendant shall, within 21 days of entry of this Order, show cause why the Court should not remand this action to Bayard Magistrate Court, Grant County, State of New Mexico.

*/s/ Kevin Sweazea*
**UNITED STATES MAGISTRATE JUDGE**