**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO,

        Plaintiff,

vs.                                                                              No. CIV 22-0790 JB/KRS

DEMAR-LASHUN BEY,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendant's Legal Notice of Removal from Magistrate Court to Federal Court Pursuant to Title 28 § 1441-§1446 Proper Article III Jurisdiction, filed October 24, 2022 (Doc. 1)("Notice of Removal"); and (ii) the Defendant's Affidavit of Fact Notice of Good Cause in Response to Order to Show Cause, filed November 15, 2022 (Doc. 10)("Response to Order to Show Cause").  Defendant Demar-Lashun Bey appears pro se.  For the reasons set out below, the Court will remand this case to Bayard Magistrate Court, Grant County, State of New Mexico.

## <u>PROCEDURAL BACKGROUND</u>

In the Notice of Removal, Bey states:

demar-lashun: bey, authorized representative for DEMARIO LASHUN HANKINS ESTATE (National of the United States of America, native Tennessean, non-citizen, non-resident, non-subject, People of United States of America)

***Plaintiff/Petitioner***

. . . .

I, demar-lashun: bey, In Propria Persona, Sui Juris, Aboriginal, Indigenous American of Moorish Descent, Care of 2311 Ranch Club Road #179, Silver City Territory, New Mexico Republic, Zip Exempt.

> I, demar-lashun: bey, In Propria Persona, Sui Juris; Aboriginal, Indigenous American of Moorish Descent, Freehold by Inheritance with Birthrights and protected and secured Inalienable Rights, makes with this NOTICE OF REMOVAL of the unconstitutional Complaint -- Summons / Ticket -- Suit / Bill of Exchange / Action, Number M-20-TR-202200476.
>
> . . . .
>
> The Petitioner / demar-lashun: bey while traveling near Grant County Territory, New Mexico Republic was unlawfully placed into detention and false imprisonment without Miranda Rights being read by Policeman / Prosecuting Witness, Officer David Acosta, Badge I.D. Number 6596; employed by the State of New Mexico who stated that demar-lashun: bey was in violation of statute 66-07-301 which is private policy (being classed as law).

Notice of Removal at 1-3.

Bey attaches a document to his Notice of Removal which states that he was "Formerly known as Demario Hankins." Tribal Court Ordered Name Correction Pursuant to Aboriginal & Federal Law, filed October 24, 2022 (Doc. 1-1). Records for the case State of New Mexico v. Demario Lashun Hankins, Case No. M-20-TR-202200476 indicate that Demario Lashun Hankins was charged with violating "Statute 66-07-301," "Speeding (Over by 11-15)," and that the case was "DISMISSED WITHOUT PREJUDICE" on October 24, 2022, because of "Failure to Appear by Prosecutor." State of New Mexico v. Demario Lashun Hankins, New Mexico Courts Case Lookup https://caselookup.nmcourts.gov/caselookup/app?component=cnLink&page=SearchResults&service=direct&session=T&sp=SM-20-TR-202200476 (last visited December 19, 2022). See N.M.S.A. § 66-7-3 ("**Required obedience to traffic laws.** It is unlawful and, unless otherwise declared in the Motor Vehicle Code with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in Article 7 of Chapter 66 NMSA 1978." (bold in original)). Bey removed the case, No. M-20-TR-202200476, from Bayard Magistrate Court to this Court pursuant to 28 U.S.C. §§ 1441-46. See Notice of Removal at 1.

Bey also states "I am a national of New Mexico Republic." Tribal Citizenship Declaration, filed October 24, 2022 (Doc. 1-1 at 4). Bey gives the following "Contact" information: "Care of 2311 Ranch Club Road #179, Near [Silver City] Territory [New Mexico] Republic Zip Exempt -- Without United States." Response to Order to Show Cause at 16 (brackets in original). Bey also put the following address on the United States District Court for the District of New Mexico's CM/ECF PRO SE NOTIFICATION FORM: "Care of 2311 Ranch Club Road # 179 [Silver City, New Mexico 88061]." CM/ECF PRO SE NOTIFICATION FORM, filed October 24, 2022 (Doc. 2)(brackets in original). Bey includes a "PRAYER FOR RELIEF" in his Notice of Removal which, among other things, states the State of New Mexico, Bayard Magistrate, Angelique Padilla, David Acosta and Hector Grijalva are "being sued for $75,000 for compensatory damages" and "$75,000 for punitive damages." Notice of Removal ¶¶ 11-15, at 6-8.

The Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Bey that:

> Sections 1441-1446 do not establish jurisdiction. Section 1441 provides for the removal of civil actions from state court; Defendant's traffic case is not a civil action. Sections 1442 and 1442a relate to federal officers, federal agencies and members of the armed forces that have been sued or prosecuted in a state court; Plaintiff does not allege that he is a federal officer or a member of the armed forces. Section 1443 allows for the removal of criminal actions in state court by defendants who claim rights under a law providing for specific civil rights in terms of racial equality; Defendant has not alleged that he has been denied a right under any law providing for the equal civil rights of citizens of the United States. Section 1444 provides for removal by the United States of foreclosure actions brought against the United States. Section 1445 identifies four types of civil actions that are nonremovable. Section 1446 describes the procedure for removal of civil actions.
>
> Defendant has not shown that the Court has subject-matter jurisdiction over this matter. Defendant states that the Court "has jurisdiction due to the diversity of citizenship between the parties as stated in 28 USC 1332." Notice of Removal at 1. Section 1332 provides jurisdiction for civil actions; Defendant's state-court case is not a civil action. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all *civil actions* ....")(emphasis added). Defendant does not assert

the Court has federal question over this matter jurisdiction pursuant to 28 U.S.C. § 1331 but does allege that officers of the Bayard Magistrate Court violated the United States Constitution. Those allegations do not establish federal question jurisdiction because Section 1331 provides jurisdiction for civil actions and Defendant's state-court case is not a civil action. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States")(emphasis added); *see also Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011)(in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction").

Memorandum Opinion and Order Granting Motion to Proceed In Forma Pauperis and Order to Show Cause at 2-3, filed November 1, 2022 (Doc. 7)("Order to Show Cause"). Magistrate Judge Sweazea ordered Bey to show cause why the Court should not remand this action to Bayard Magistrate Court, Grant County, State of New Mexico, for lack of subject-matter jurisdiction. See Order to Show Cause at 4 (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")).

In his response to Magistrate Judge Sweazea's Order to Show Cause, Bey states that

the Federal court have subject matter jurisdiction under Title 28 USC 1332 -- Diversity of Citizenship of the Parties, Title 28 USC 1331 -- Federal Question for Constitutional Violations as outlined ALL throughout my "LEGAL NOTICE OF REMOVAL" . . . this is a CIVIL matter and not CRIMINAL and the above Defendants are 14th Amendment U.S. CITIZENS and Plaintiff is a non-citizen national of the United States of America.

. . . .

Further, you mentioned "section 1443 allows for the removal of criminal actions in state court by defendants who claim rights under a law providing for specific civil rights in terms of "racial equality". Section 1443 also covers **civil actions** and no where does section 1443 state "racial equality" of which I **do not** make claim to any "equal civil rights of citizens of the United States." **That is clearly your own biased and prejudice interpretation and spin on section 1443**. And last, section 1443 states "(2) For any act under **color of authority** derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be **inconsistent with such law**." Again, I am **not** a U.S. FRANCHISED

FEDERALLY REGULATED CITIZEN / CORPORATE 14TH AMENDMENT PERSON.  The claim here, and has always been is a denial of public servants to uphold the Republic Constitution to which they took an Oath to, . . . an obstruction of the administration of justice, due process of law Fourth and Fifth Amendment, malicious prosecution, and the provisions of my **"Prayer for Relief"** in my "LEGAL NOTICE OF REMOVAL" . . . .

. . . .

Response to Order to Show Cause at 1-3 (emphasis in original).  Bey further states that

There is more than enough res judicata as ruled by the Supreme Court to back my rightful claim that traffic infractions are civil "offenses" and non-criminal in nature.

. . . .

"Traffic infractions are not a crime." **People v. Battle, 50 Cal. App. 3.step 1, 123 Cal.Rptr. 636, 639**

. . . .

**§103.  Traffic infraction.**  A traffic infraction is not a crime.  The <u>penalty</u> for a traffic infraction may not be deemed for any purpose a penal or criminal punishment.  [PL 1993, c. 683, Pt. A, § 2 (NEW); PL 1993, c. 683, Pt. B, §5 (AFF).]

Response to Order to Show Cause at 12-13 (emphasis and brackets in original).

## <u>LAW REGARDING PRO SE LITIGANTS</u>

When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  The Court, however, will not, "assume the role of advocate for the pro se litigant."  <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply

with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING REMOVAL

If a civil action filed in state court satisfies the requirements for original federal jurisdiction -- meaning, most commonly, federal-question or diversity jurisdiction -- the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). See Huffman v. Saul Holdings LP, 194 F.3d 1072, 1076 (10th Cir. 1999)("'When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . .'")(quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)); McDaniel v. Loya, 304 F.R.D. 617, 623 (D.N.M. 2015)(Browning, J.). Under 28 U.S.C. § 1331, a federal district court possesses original subject-matter jurisdiction over a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### 1.    The Presumption Against Removal.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001), aff'd 546 U.S. 132 (2005); Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. April 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). A defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence." McPhail v. Deere & Co.,

529 F.3d 947, 953 (10th Cir. 2008).  See Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the

removing party, the defendant bears the burden of proving all jurisdictional facts and of

establishing a right to removal.").  Because federal courts are courts of limited jurisdiction, the

United States Court of Appeals for the Tenth Circuit has ruled that "courts must deny such

jurisdiction if not affirmatively apparent on the record."  Okla. Farm Bureau Mut. Ins. Co. v. JSSJ

Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished).[1]  On the other hand, this strict

construction and presumption against removal should not be interpreted as a hostility toward

removal cases in the federal courts.  See McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM,

2010 WL 553443, at *2 (D.N.M. Feb. 9, 2010)(Browning, J.)(citing Bonadeo v. Lujan, 2009 WL

1324119, at *12 ("Strict construction does not mean judicial hostility toward removal.  Congress

provided for removal, and courts should not create rules that are at tension with the statute's

language in the name of strict construction.")).

   "It is well-established that statutes conferring jurisdiction upon the federal courts, and

particularly removal statutes, are to be narrowly construed in light of our constitutional role as

---

[1]Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775 (10th Cir. 2005), is an
unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for
the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See
10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their
persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored . . . .
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Okla.
Farm Bureau Mut. Ins. Co. v. JSSJ Corp. has persuasive value with respect to a material issue, and
will assist the Court in its disposition of this Memorandum Opinion and Order.

limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333. "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

      2.    **Removal's Procedural Requirements.**

Section 1446 of Title 28 of the United States Code governs removal's procedure. "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *5 (D.N.M. August. 27, 2012)(Browning, J.). A removal which does not comply with the express statutory requirements is defective, and the federal court must remand the case to state court. See Huffman v. Saul Holdings LP, 194 F.3d at 1077. See also Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

28 U.S.C. § 1446(a) provides that a party seeking removal to federal court shall file a notice of removal in the district and division where the State action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Such notice of removal is proper if filed within thirty days from the date when the case qualifies for federal jurisdiction. See Caterpillar Inc. v. Lewis, 519 U.S. at 68-69; 28 U.S.C. § 1446(b). The Tenth Circuit further has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself" that federal

jurisdiction is available. <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1036 (10th Cir. 1998). The Tenth Circuit specifically disagrees with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d at 1036.[2]

After the notice of removal is filed, all State court proceedings automatically are stayed, and the other defendants in the case -- if not all defendants joined in the removal -- have thirty days to consent to the removal of the action. <u>See</u> 28 U.S.C. § 1446(b)(2). "When a civil action is removed solely under section 1441(a) [the standard removal statute, which excludes multiparty, multiforum jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The failure of all defendants to consent to removal will result in remand. The rule of unanimity applies to all defendants, whether they are required parties under rule 19 of the Federal Rules of Civil Procedure or merely proper parties under rule 20. Defendants who have not been served, however, need not join in removal. <u>See</u> <u>Kiro v. Moore</u>, 229 F.R.D. 228, 230-32 (D.N.M. 2005)(Browning, J.).

Section 1447(c) permits the district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court of the United States has stated:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

---

[2]Congress clarified removal jurisdiction and procedures in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011). <u>See</u> <u>Thompson v. Intel Corp.</u>, No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *12 n.5 (D.N.M. August 27, 2012)(Browning, J.)(discussing the Act).

Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  The Tenth Circuit has limited district courts' discretion to impose costs and fees to those cases in which the removal is objectively unreasonable.  See Garret v. Cook, 652 F.3d 1249, 1254 (10th Cir. 2011)("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## LAW REGARDING REMAND

If a defendant has removed a matter to federal court, the plaintiff may object to the removal by filing a motion to remand the case to state court.  See Caterpillar Inc. v. Lewis, 519 U.S. at 69. A defect in the removal procedure is one of the grounds for remand that 28 U.S.C. § 1447(c) specifies.  See Moreno v. Taos Cnty. Bd. of Comm'rs, 778 F. Supp. 2d 1139, 1141 (D.N.M. 2001)(Johnson, J.); McShares, Inc. v. Barry, 979 F. Supp. 1338, 1341 (D. Kan. 1997)(Crow, J.)(citation omitted).  Specifically, § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  Lack of subject-matter jurisdiction is a second ground for remand that § 1447(c) specifies. Section 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## LAW REGARDING DIVERSITY JURISDICTION

"Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"  Thompson v. Intel Corp., 2012 WL 3860748, at *12 (citing 28 U.S.C. § 1332(a)).  As the Court previously has explained, "[t]he Supreme Court of the United States has described this statutory diversity requirement as 'complete diversity,' and it is present

only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute." McEntire v. Kmart Corp., 2010 WL 553443, at *3 (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267-68 (1806), overruled in part by Louisville & N.R. Co. v. Mottley, 211 U.S. 149 (1908); McPhail v. Deere & Co., 529 F.3d at 951). The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation." Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1163 (D.N.M. 2012)(Browning, J.)(citing McPhail v. Deere & Co., 529 F.3d at 956). The Court will discuss the two requirements in turn.

### 1.    **Diversity of Citizenship.**

For diversity jurisdiction purposes, a person's domicile determines citizenship. See Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 2013). "A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." McEntire v. Kmart Corp., 2010 WL 553443, at *12 (citing Crowley v. Glaze, 710 F.2d at 678). See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced such jurisdiction may not be divested by subsequent events."). If neither a person's residence nor the location where the person has an intent to remain can be established, the person's domicile is that of his or her parents at the time of the person's birth. See Gates v. Comm'r of Internal Revenue, 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to an individual is the domicile of his parents. It continues until another domicile is lawfully acquired."). Additionally, "while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship." McEntire v. Kmart Corp., 2010 WL 553443, at *3 (citing State Farm

Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)).  As for corporations, the "federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*.'"  Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010)(quoting 28 U.S.C. § 1332(c)(1))(emphasis in Hertz Corp. v. Friend but not in 28 U.S.C. § 1332(c)(1)).

2.    **Amount in Controversy.**

The statutory amount-in-controversy requirement, which presently stands at $75,000.00, must be satisfied as between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute; "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs aggregate their claims against a single defendant to exceed the threshold.  Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *18 (D.N.M. March 30, 2010)(Browning, J.).  If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims.  See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, 2010 WL 1608884, at *18.  Similarly, multiple plaintiffs may aggregate the amounts of their claims against a single defendant if the claims are not "separate and distinct."  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292 (10th Cir. 2001), abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014).  The same plaintiff's multiple claims against the same defendant may be aggregated, even if the claims are entirely unrelated.  See 14AA C. Wright & A. Miller, Federal Practice & Procedure § 3704, at 566-95 (4th ed. 2011).  If a single plaintiff -- regardless whether he or she is the only plaintiff who will share in the recovery -- can recover over $75,000.00 from a single

defendant -- regardless whether the defendant has jointly liable co-defendants -- then the Court has original jurisdiction over the dispute between that plaintiff and that defendant.  The Court then can exercise supplemental jurisdiction over other claims and parties that "form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), meaning that they "derive from a common nucleus or operative fact."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  The Tenth Circuit follows the "either viewpoint rule," which considers either the value to the plaintiff, or the cost to the defendant of injunctive and declaratory relief, as the measure of the amount in controversy.  Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 897 (10th Cir. 2006).

A preponderance of the evidence must satisfy the amount-in-controversy requirement.  See McPhail v. Deere & Co., 529 F.3d at 953.  In the context of establishing an amount-in-controversy, the plaintiff's chosen amount of damages in the complaint could bind the defendant seeking removal, which would allow a plaintiff to avoid federal jurisdiction "merely by declining to allege the jurisdictional amount [in controversy]."  McPhail v. Deere & Co., 529 F.3d at 955.[3]  The Tenth Circuit's decision in McPhail v. Deere & Co. has foreclosed such an option from a plaintiff who wishes to remain in State court.  McPhail v. Deere & Co. holds that a defendant meets his burden to establish jurisdictional facts if the defendant proves "jurisdictional facts that make it possible

_____

[3]New Mexico court rules provide that, "[u]nless it is necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount." 1-008(A)(3) N.M.R.A.  See Aranda v. Foamex Int'l, 884 F. Supp. 2d 1186, 1205 (D.N.M. 2012)(Browning, J.)(noting that, because a complaint filed in New Mexico State court is not supposed to allege the amount of damages, "the Court will therefore look to the allegations in the Notice of Removal . . . to determine the amount in controversy").

that $75,000 is in play."  529 F.3d at 955.  The Supreme Court of the United States recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. at 89.  A district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. at 89.

## ANALYSIS

Having carefully reviewed Bey's Notice of Removal, his Response to the Order to Show Cause, and the relevant law, the Court will remand this case to Bayard Magistrate Court, Grant County, State of New Mexico.  Bey removed his case from Bayard Magistrate Court pursuant to 28 U.S.C. §§ 1441-1446.  See Notice of Removal at 1.  Magistrate Judge Sweazea ordered Bey to show cause why the Court should not remand this case after notifying Bey that it appears the Court lacks subject-matter jurisdiction.  See Order to Show Cause at 5.  Section 1441 allows the removal of civil actions over which the Court has original jurisdiction or diversity jurisdiction.  See 28 U.S.C. § 1441 (a)-(b).  Bey has not shown that the case he is attempting to remove from Bayard Magistrate Court is a civil action.  The two legal authorities that Bey cites to support his argument that his Bayard Magistrate Court case is a civil action relate to the state law of California and Maine regarding infractions.  See People v. Battle, 50 Cal. App. 3d Supp. 1, 123 Cal. Rptr. 636 (1975)(stating "an infraction is neither a misdemeanor nor a felony under the [California] Vehicle Code or the Penal Code"); Me. Stat. tit. 29-A § 103 (1993)("A traffic infraction is not a crime."). The State of New Mexico charged Bey with violating New Mexico Statute 66-07-301, Speeding (Over by 11-15), which is a misdemeanor.  See N.M.S.A. § 66-7-3 ("**Required obedience to**

- 14 -

**traffic laws.** It is unlawful and, unless otherwise declared in the Motor Vehicle Code with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in Article 7 of Chapter 66 NMSA 1978." (bold in original)).  Furthermore, Bey has not shown that the Court possesses original subject-matter jurisdiction over his case in Bayard Magistrate Court under 28 U.S.C. § 1331, because he has not shown that his case arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Bey also has not shown that the Court possesses diversity jurisdiction over his case in Bayard Magistrate Court under 28 U.S.C. § 1332, because he has not shown that he has a residence outside of New Mexico where he intends to remain indefinitely.  See McEntire v. Kmart Corp., 2010 WL 553443, at *12 ("A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit.")(citing Crowley v. Glaze, 710 F.2d at 678).

Sections 1442 and 1442a allow for removal of civil actions or criminal prosecutions against federal officers and members of the armed forces.  See 28 U.S.C. §§1442, 1442a.  Bey has not shown his case in Bayard Magistrate Court is removable pursuant to §§ 1442 or 1442a, because Bey makes no argument that he is a federal officer or a member of the armed forces.  Section 1443 allows a defendant to remove the following civil actions and criminal prosecutions:

> (1)     Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)     For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Bey has not shown that he asserts: (i) "rights under a law providing for specific civil rights in terms of racial equality;" or (ii) that he is "a federal or state officer or assisting federal officers in the performance of their duties."  Order to Show Cause at 3.

Bey also cannot remove his case pursuant to 28 U.S.C. §1444, because § 1444 allows only the United States to remove foreclosure actions against the United States.  See 28 U.S.C. §1444.  Bey cannot remove his case pursuant to 28 U.S.C. §1445, because § 1445 only lists four types of civil actions that defendants may not remove to United States district courts.  See 28 U.S.C. §1445.  Bey has not shown that his case in Bayard Magistrate Court is removable pursuant to 28 U.S.C. §§1446, because § 1446 sets forth the procedure only for a civil action's removal.  See 28 U.S.C. §1446.

Bey has not shown that he can remove his case from Bayard Magistrate Court pursuant to 28 U.S.C. §§ 1441, 1443, or 1446.  See Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").  Consequently, the Court must remand this case to Bayard Magistrate Court, Grant County, State of New Mexico, because the Court lacks jurisdiction over the Complaint.  See 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS ORDERED** that this case is remanded to Bayard Magistrate Court, Grant County, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Demar-Lashun Bey
Silver City, New Mexico

      *Defendant pro se*